UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RAYMOND DAVIS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JACQUELINE BLUTH, et al.,<br><br>　　　　Defendants. | Case No. 2:20-cv-01696-APG-EJY<br><br>**ORDER**<br>**And**<br>**REPORT AND RECOMMENDATION**<br><br>**RE: ECF No. 4; 4-1** |

Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. ECF No. 4. Plaintiff attaches an Amended Complaint to his *in forma pauperis* application. ECF No. 4-1.[1]

## I.   *IN FORMA PAUPERIS* APPLICATION

Plaintiff submitted an inmate application to proceed *in forma pauperis* showing an inability to prepay fees and costs or give security for them. ECF No. 4. Plaintiff properly attached to his application a copy of his inmate trust account statement for the last six months, a financial certificate signed by a prison official, and an affidavit attesting to the application's authenticity. Accordingly, the request to proceed *in forma pauperis* is granted.

## II.   SCREENING THE COMPLAINT

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). When screening a complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter,

---

[1] On September 14, 2020, Plaintiff submitted a civil rights complaint under 42 U.S.C. § 1983. ECF No. 1-1. Plaintiff neither paid the full $400 filing fee nor filed an application to proceed *in forma pauperis*. Plaintiff was ordered to pay the full $400 filing fee or file an *in forma pauperis application* with the Court by October 15, 2020, which he did.

accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

When considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### III.  PLAINTIFF'S CLAIMS

Plaintiff's First Cause of Action alleges Sixth and Fourteenth Amendment violations against Eighth Judicial District Court Judge Jacqueline Bluth. This claim is based on Plaintiff's allegations that Judge Bluth deprived Plaintiff of ineffective assistance of counsel by denying his Motion to Dismiss Counsel and represent himself. ECF No. 4-1 at 16-17. Plaintiff's Second, Fifth, Sixth, Seventh, and Eighth Causes of Action alleges violations of the Fifth and Fourteenth Amendments against Judge Bluth based on the trial date selected and, in a somewhat unclear fashion, an alleged failure to obtain a grand jury indictment prior to Plaintiff being brought to trial. *Id*. at 5, 15-20. The Ninth Circuit is clear that "[j]udges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam). In fact, judicial immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Cleavinger v. Saxner*, 474 U.S. 193 (1985) (internal citation omitted).

Based on clearly established law, Plaintiff's First, Second, Fifth, Sixth, Seventh, and Eighth Causes of Action fail to state claims and, therefore, the Court recommends these claims be dismissed. However, the Court dismisses these claims without prejudice because Judge Bluth's immunity does not extend to actions for prospective injunctive relief. *Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984). Thus, it is possible for Plaintiff to allege facts and seek relief that could, at least potentially, state a claim for relief.

Plaintiff's Third Cause of Action alleged ineffective assistance of counsel against Craig Mueller under the Sixth and Fourteenth Amendments. ECF No. 4-1 at 10 Plaintiff's Fourth Cause of Action alleged ineffective assistance of counsel against Adam Gill. *Id.* at 12. Although it is not entirely clear whether Messrs. Mueller and Gill were acting as private counsel retained by Plaintiff or as public defenders appointed by the Court, their status as criminal defense attorneys precludes a finding that they were acting under color of state law. *West v. Atkins*, 487 U.S. 42, 50 (1988); *Polk Cnty. v. Dodson*, 454 U.S. 312, 317-18 (1981). Thus, Plaintiff cannot assert a § 1983 claim against these defendants.

Moreover, Plaintiff's ineffective assistance of counsel claim must be stated as a habeas corpus petition under 28 U.S.C. 2254, which addresses "a person in custody pursuant to the judgment of a State court … on the ground that he is in custody in violation of the Constitution or laws … of the United States." Specifically, Section 2254 is the mechanism for bringing an ineffective assistance of counsel claim. *Ruffa v. McDaniel*, Case No. 2:09-cv-02258-KJD-PAL, 2010 WL 4703609, *1, 4 (D. Nev. Nov. 10, 2010) ("The Antiterrorism and Effective Death Penalty Act . . . at 28 U.S.C. § 2254(d), provides the legal standard for the Court's consideration of this habeas petition . . . alleg[ing] that [petitioner's] conviction and/or sentence is unconstitutional based on the violation of his Sixth Amendment right to effective assistance of counsel."). For these reasons, the Court recommends dismissal of all causes of action against Messrs. Mueller and Gill with prejudice.

Plaintiff's Ninth Cause of Action alleges Fifth and Fourteenth Amendment violations pursuant to § 1983 against the grand jury foreperson that did, in fact, present a true bill for indictment of Plaintiff. ECF No. 4-1 at 21. However, even assuming there was some error committed by the jury foreperson, § 1983 does not provide a cause of action against grand jury participants, including

the foreperson. *Jones v. Kern County*, Case No. 1:18-cv-00903-LJO-BAM (PC), 2019 WL 2191337, at *3 (E.D. Cal. May 21, 2019) (internal citation omitted). Thus, this claim is properly recommended for dismissal with prejudice.

**IV.    ORDER**

IT IS HEREBY ORDERED that Plaintiff's Application to proceed *in forma pauperis* (ECF No. 4) is GRANTED and, if Plaintiff files an amended complaint that states a claim, Plaintiff shall not be required to pay the filing fee of four hundred dollars ($400.00). This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

**IV.    RECOMMENDATION**

IT IS HEREBY RECOMMENDED that Plaintiff's First Cause of Action alleging Sixth and Fourteenth Amendment violations, and Second, Fifth, Sixth, Seventh, and Eighth Causes of Action alleging Fifth and Fourteenth Amendment violations against Eighth Judicial District Court Judge Bluth be dismissed <u>without prejudice</u>. Although the allegations made by Plaintiff do not state a claim, it is not impossible for Plaintiff to do so if Plaintiff is able to allege, in good faith, and with clear and simply stated facts, a claim seeking prospective injunctive relief.

IT IS FURTHER RECOMMENDED that Plaintiff shall have **30 days from the date of this Order** to file a second amended complaint. If Plaintiff chooses to file a second amended complaint, Plaintiff is informed that the Court will not and cannot refer to a prior pleading (i.e., the original or amended complaint) in order to make the second amended complaint complete. This is because, as a general rule, an amended complaint supersedes all previously filed complaints. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the prior complaints no longer serve any function in the case. Therefore, in a second amended complaint each claim and the involvement of each Defendant must be sufficiently alleged to state a claim. **Failure to timely comply with this Order may result in the recommended dismissal of this case.**

IT IS FURTHER RECOMMENDED that Plaintiff's Third, Fourth, and Ninth causes of action be dismissed <u>with prejudice</u> because there is no amendment Plaintiff can file that will result in a cause of action that may proceed under 42 U.S.C. § 1983.

DATED this 5th day of October, 2020.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

## **NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  In 1985, the Supreme Court held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).