UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RAYMOND DAVIS, | Case No. 2:20-cv-01696-APG-EJY |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| JACQUELINE BLUTH, et al., | |
| Defendants. | |

Pro Se Plaintiff, a former inmate of the Clark County Detention Center, filed a Complaint and Request to Proceed *In Forma Pauperis* ("IFP") in September, 2020. ECF Nos. 1, 4. On October 5, 2020, the Court granted Plaintiff's IFP request and screened his Amended Complaint (ECF No. 4-1) pursuant to 28 U.S.C. § 1915(e). ECF No. 6. The undersigned found that Plaintiff's Amended Complaint failed to state claims and recommended that some claims be dismissed with prejudice, and that others be dismissed with leave to amend. *Id.* Judge Gordon accepted that recommendation on October 26, 2020 and ordered Plaintiff to file a second amended complaint by November 25, 2020. ECF No. 8.

On November 2, 2020, Plaintiff filed a change of address. ECF No. 9. Because it was not clear that Plaintiff ever received the Court's earlier orders, the Court gave Plaintiff another thirty days—until March 5, 2021—to file a second amended complaint. ECF No. 10. Plaintiff has not filed a second amended complaint or any other filings in this case.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action or failure to obey a court order. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson*

1  *v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution or failure to obey a court order, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See, e.g., Thompson*, 782 F.2d at 831; *Ferdik*, 963 F.2d at 1260–61.

Here, the first two factors weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The public policy interest in disposition of cases on their merits is outweighed by the other factors in favor of dismissal. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *See, e.g., Ferdik*, 963 F.2d at 1262. The Court has warned Plaintiff on three separate occasions that failure to file a Second Amended Complaint may result in recommended dismissal of his case. *See* ECF Nos. 6 at 4; 8 at 2; 10 at 1.

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's Amended Complaint (ECF No. 4-1) be DISMISSED with prejudice for failure to comply with the Court's Orders requiring submission of a second amended complaint.

DATED this 4th day of May, 2021.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

## **NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).